UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DERRICK BRADLEY on behalf of THE ESTATE AND HEIRS OF CARL BRADLEY,

Plaintiff,

v.

NEVADA DEPT. OF CORRECTIONS, et al.,

Defendants.

Case No. 3:26-cv-00613-ART-CSD

SCREENING ORDER ON FIRST AMENDED COMPLAINT

Plaintiff Derrick Bradley, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), brings this case on behalf of his deceased brother's estate and heirs. Bradley has filed a first amended complaint ("FAC"). (ECF No. 4.) The Court accepts the FAC as the operative complaint. The Court will now screen the FAC under 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color

of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF FAC

The FAC suffers from several procedural defects, which the Court will consider in turn. Because of the various procedural defects with the FAC, the Court does not reach the substance of claims in the FAC.

### A. Bradley's Authority to Bring Claims on Behalf of Estate

"A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006) (citing *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998); 42 U.S.C. § 1988(a)); *accord Robertson v. Wegmann*, 436 U.S. 584 (1978). "The party

seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action[,] and that the plaintiff meets that state's requirements for bringing a survival action." *See Moreland*, 159 F.3d at 369.

Nevada law provides that "no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS § 41.100(1). "'Executor' means a person nominated in a will and appointed by the court to execute the provisions of the will and administer the estate of the decedent." NRS § 132.130. While "'[a]dministrator' means a person not designated in a will who is appointed by the court to administer an estate." NRS § 132.040. Under Nevada law, convicted felons are not qualified to act as either an executor or an administrator of an estate unless a court has found that the felony conviction should not disqualify the person. NRS §§ 132.040(b), 139.010(2). Federal courts do not have jurisdiction over matters that involve the administration of an estate or probate of a will, including the appointment of personal representatives, executors, or administrators. *See in re Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (holding that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate").

Bradley brings claims on behalf of his brother's estate. But he does not allege that he was appointed as the executor or administrator of his brother's estate under Nevada law. Furthermore, according to NDOC's online inmate database, Bradley has been convicted of multiple felonies and therefore he cannot qualify as either an executor or an administrator of his brother's estate unless a court has found that the convictions should not disqualify him. Bradley does not allege that any court has so found. Bradley refers to himself as the personal representative for his brother's estate, but he does not explain the basis of this claimed authority to bring claims on behalf of his brother's estate.

This Court does not have the authority to appoint Bradley as the executor or administrator of his brother's estate. Rather, the executor or administrator must be recognized or appointed by a state court. It seems likely that an executor or administrator was already appointed at some point following Bradley's brother's death, but that is not clear from the complaints.[1]

**B. Bradley's Authority to Bring Claims on Behalf of Minors**

Federal Rule of Civil Procedure ("FRCP) 17(c)(1) provides that various representatives, including a "general guardian" may bring a lawsuit on a minor's behalf. Under FRCP 17(c)(2), a minor "who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." However, even blood relatives, including biological parents, are not automatically allowed to bring cases on behalf of minors. *C.f. United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) (finding that a father did not have standing and was not a proper representative where mother had custody of the child and father was not a custodial parent or legal guardian); *Paz v. Arizona*, No. CV-14-02377-TUC-BPV, 2017 WL 11630876, at *1-2 (D. Ariz. Aug. 16, 2017) (concluding that where mother had sole legal custody of a child, the father could not sue on the child's behalf, even if the mother declined to pursue claims on the child's behalf herself).

Bradley does not provide any details or explanation for why he believes he should be allowed to pursue these claims on behalf of his brother's minor children. He does not explain his relationship with the children. He does not explain whether the children, or the children's guardians, are even aware of this litigation, much less whether they support the litigation. If Bradley wishes to pursue litigation on behalf of his brother's minor children, he must submit a motion to be allowed to proceed as the children's next friend. In the motion, he

[1] The Court does not reach the substance of Bradley's claims, but Bradley alleges that his brother died in 2020 while in NDOC custody. (ECF No. 1-1 at 2.) Thus, it seems likely that his brother's estate went through probate, and an executor or administrator was appointed, many years ago.

must explain in detail why he should be allowed to proceed on the children's behalf. The Court notes that it is unlikely to grant any such motion without holding a hearing in which it hears directly from the children's legal guardian or guardians and, depending on their ages, the children themselves.

**C. Filing Fee**

Bradley has not paid the $405 filing fee to initiate a civil rights case. Under 28 U.S.C. § 1915(a), a party seeking to proceed *in forma pauperis* must submit an affidavit declaring that "the person is unable to pay" Court costs. In addition, "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." *Christopher v. Clark Cnty.*, Case No. 2:25-CV-01500-RFB-DJA, 2025 WL 2840430, at *1 (D. Nev. Oct. 7, 2025). Thus, if Bradley seeks to bring claims on behalf of his brother's minor children, he must submit their financial information in addition to his own.

**D. Counsel**

Bradley has not established that he is authorized to bring claims on behalf of either his brother's estate or his brother's minor children. However, even if he is authorized to bring these claims, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Therefore, even if Bradley establishes that he is authorized to bring these claims, he may not bring them pro se, and he must secure an attorney or bring these claims. *See, e.g., Johns v. Cnty. of San Diego*, 114 F.3d 874, 876–77 (9th Cir. 1997) (affirming dismissal of a father's action on behalf of a minor child for failing to secure legal counsel pursuant to Rule 17(c) and holding "that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *Price v. Kaiser Found. Health Plan Inc.*, No. CV 24-

10517 PA (JCX), 2025 WL 359003, at *1 (C.D. Cal. Jan. 31, 2025) (explaining an executor may not pursue an estate's claims pro se).

In sum, Bradley has not established that he is authorized to bring claims on behalf of either his brother's estate or his brother's minor children, he has not filed applications to proceed *in forma pauperis* on behalf of his brother's minor children, and he has not secured an attorney, which he must do to bring claims on behalf of either his brother's estate or his brother's minor children. The Court will give Bradley 90 days to correct these deficiencies. If Bradley does not correct these deficiencies within 90 days, this case will be subject to dismissal.

## III. CONCLUSION

It is therefore ordered that within 90 days of the date of entry of this order, Bradley must: 1. Pay the $405 filing fee or file a complete application to proceed *in forma pauperis*, including financial information for any minor children on whose behalf he is trying to bring claims; and 2. Secure counsel for any claims on behalf of either his brother's estate or his brother's minor children.

It is further ordered that, if Bradley seeks to maintain claims on behalf of his brother's estate, he must file a document under penalty of perjury stating that he has been appointed the executor or administrator of his brother's estate and that he is authorized to bring claims on behalf of the estate within 90 days.

It is further ordered that, if Bradley seeks to maintain claims on behalf of his brother's minor children, he must file a motion seeking to bring claims on their behalf as a next friend within 90 days.

It is further ordered that, if Bradley fails to timely comply with this order, this case will be subject to dismissal without further warning.

DATED THIS 23rd day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE